UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIM J. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>SERENITY LANE HOLM,<br><br>    Defendant. | Case No. 1:24-cv-00384-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff Tim J. Jones's In Forma Pauperis Application (Dkt. 1) and Complaint (Dkt. 2). Pursuant to 28 U.S.C. § 1915, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time, this Court must review Jones's request to determine whether he is entitled to proceed in forma pauperis. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Jones's complaint to ensure it meets minimum required standards. *See* 18 U.S.C. § 1915(e)(2).

For the reasons below, the Court denies Jones's In Forma Pauperis Application, dismisses his Complaint without prejudice for failure to establish jurisdiction with this Court and failure to state a claim, and grants Jones leave to file an amended Complaint.

## II.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court denies Jones's application to proceed in forma pauperis because Jones's application is incomplete, and the Court is unable to evaluate Jones's ability to pay the filing fee. Jones's application contains several empty fields. Jones lists social security checks totaling $1,200 a month (Dkt. 1 at p. 2) as his only form of income and lists expenses of rent and utilities totaling $500 a month. (Dkt. 1 at p. 4). However, Jones provides no other information in his application regarding other expenses, such as food, clothing, transportation, or other costs. He also omits the amount of cash on hand and value of any other assets owned. Without more information, the Court is unable to determine his inability to pay the filing fee.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

The Court therefore denies Jones's in forma pauperis application because it lacks particularity. *See McQuade*, 647 F.2d at 940 (stating that the court may deny an application if the applicant is "unable, or unwilling, to verify" his poverty). The Court grants Jones leave to file an additional in forma pauperis application and affidavit. If Jones chooses to submit a new in forma pauperis application, he must include details about his financial situation sufficient to determine whether he qualifies to proceed in forma pauperis, including details regarding the cash he has on hand, any additional assets owned, and why he is unable to pay the filing fee at this time.

### III.  SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court finds two issues with Jones's Complaint. First, Jones has failed to establish jurisdiction with this Court. This Court has limited jurisdiction and can only hear cases and

controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). Generally, a cause of action must arise under federal law for federal question jurisdiction. 28 U.S.C. § 1331. Federal diversity jurisdiction requires an amount in controversy exceeding $75,000, exclusive of interest and costs, and that the plaintiff and the defendant be citizens of different states. 28 U.S.C. § 1332(a)-(a)(1). Jones's allegations of robbery, burglary, and kidnapping do not arise under federal law and thus do not support federal question jurisdiction. Jones's Complaint also lacks enough information to establish diversity jurisdiction. Jones provides that he is a resident of Idaho, and the Defendant is a resident of Arizona. (Dkt. 2 at pp. 1-2). Yet his Complaint's "Basis for Jurisdiction" section is blank, and the Complaint lacks information showing Jones's claims could exceed $75,000. (Dkt. 2 at pp. 3-4). Without any other details, Jones's Complaint provides no basis for establishing jurisdiction with this Court.

Second, the Court finds that Jones has not pleaded a sufficient claim for relief. To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (citing *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556.

Jones has named Serenity Lane Holm as the Defendant. (Dkt. 2 at p. 2). Jones does not explain why Ms. Holm was named as the Defendant, but he lists causes of action including robbery, burglary, and kidnapping. (Dkt. 2-1). Additionally, Jones checks both "Other Personal Injury" and "Other Personal Property Damage" under the "Torts" section of "the Nature of the Suit." (*Id.*) Jones provides these details only on the civil cover sheet, which, according to this Court's local rules, "[has] no legal effect in the action." Dist. Idaho Loc. Civ. R. 5.2(e). Even with this cover sheet, Jones provides no supporting facts for his claims. Accordingly, the Court finds that Jones's Complaint fails to state a claim upon which relief can be granted.

If Jones chooses to amend his Complaint, Jones must establish jurisdiction with this Court. He also must state specific, plausible legal claims with factual background giving rise to each claim.

## IV. CONCLUSION

The Court is unable to grant Jones's in forma pauperis application because it lacks sufficient information, but Jones may file a new in forma pauperis application with more detail about why he is unable to pay the full fee. Additionally, the Court finds Jones has not established federal jurisdiction or stated any plausible claims for relief and must amend his Complaint.

## V. ORDER

**IT IS ORDERED that:**

1. Jones's In Forma Pauperis Application (Dkt. 1) is **DENIED WITHOUT PREJUDICE**. Jones may file an updated in forma pauperis application that includes specific details of his financial situation sufficient to determine whether he qualifies to proceed in forma pauperis. **Any future in forma pauperis application must be filed within sixty (60) days of the**

**issuance of this Order**. Failure to submit an updated application or pay the full filing fee within the ordered timeframe will result in dismissal of this case without further notice.

2. Jones's Complaint (Dkt. 2) is deficient because it fails to establish federal jurisdiction and fails to state a claim upon which relief may be granted. The Complaint is therefore **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Jones leave to file an Amended Complaint in substantial compliance with the Court's analysis above. **Jones must file his Amended Complaint within sixty (60) days of the issuance of this Order**. Failure to submit an Amended Complaint within the ordered timeframe will result in full dismissal of this case WITH PREJUDICE and without further notice.

DATED: September 30, 2024

Amanda K. Brailsford
U.S. District Court Judge